IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER NGUYEN : | |
| : | CIVIL ACTION |
| v. : | |
| : | NO. 23-1350 |
| BERNADETTE MASON, et. al. : | |

# ORDER

AND NOW, this 22nd day of January, 2024, upon consideration of pro se Petitioner Christopher Nguyen's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, the Response in Opposition, and following careful review of the Report and Recommendation of United States Magistrate Judge Elizabeth Hey issued on November 30, 2023, it is hereby ORDERED:

1. The Report and Recommendation (Document No. 23) is APPROVED and ADOPTED;[1]

---

[1] Petitioner Nguyen had ample time to file objections to the November 30, 2023 Report and Recommendation but did not, despite having an additional thirty days to do so. Instead, Nguyen moved for an additional sixty days or a stay of indefinite duration, alleging for the first time that he was actually innocent of the crimes of which he stood convicted. Nguyen claimed he therefore needed still more time to have "a comprehensive review of the record" conducted by a "next friend" and "independently from that of [Judge] Hey," . . . "in order to gather all available and reliable evidence to be submitted for [the] Court's review." Def.'s Mot. to Extend Time or Stay, 1-2, 5 ¶¶ 4, 15, ECF No. 26. Finding Nguyen did not make a convincing claim of actual innocence, the Court denied his motion for more time.

As noted, Nguyen's actual innocence claim focuses once again on what Nguyen contends is the false trial testimony of his cousin, Matthew Branford. This matter has been thoroughly and finally adjudicated in Nguyen's Post Conviction Relief Act petitions in the state courts and Nguyen was found entitled to no relief. And, as Judge Hey found, even accepting Nguyen's claim that he did not learn of Branford's "deal" with the Commonwealth until December 9, 2019, his § 2254 petition was still not timely filed. This conclusion is fully supported by the law and the state court records, and the Court finds the Report and Recommendation in all respects to be well-reasoned. Accordingly, it is now approved and adopted in all respects.

  2.  The Petition for Writ of Habeas Corpus is DISMISSED as untimely;

  3.  Petitioner's motion for subpoena duces tecum and for subpoena to attend and testify (Document No. 12), and motion for subpoena duces tecum and for discovery (Document No. 20) are DENIED.

  4.  There is no basis for the issuance of a certificate of appealability, and thus a certificate of appealability shall not issue;[2] and

  5.  The Clerk of Court is DIRECTED to CLOSE this case.

              BY THE COURT:

              /s/  Juan R. Sánchez
              _____
              Juan R. Sánchez,   C.J.

---

[2] See, *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000).